Robert E. Rivers and Ruby D. Rivers v. Commissioner.
Rivers v. Commissioner
Docket No. 76630.
United States Tax Court
T.C. Memo 1960-139; 1960 Tax Ct. Memo LEXIS 143; 19 T.C.M. (CCH) 721; T.C.M. (RIA) 60139; June 30, 1960
*143 Petitioner Robert E. Rivers was divorced from his wife Georgia Rivers in 1951. Georgia was awarded custody of their two minor children and the decree of the court required that petitioner should pay to Georgia $450 annually for the support and maintenance of each of the children. Georgia subsequently remarried and the minor children in each of the taxable years 1955, 1956, and 1957 were living with Georgia and her then husband. Petitioner paid in each of the taxable years the $450 which he had been directed to pay by order of the court to his divorced wife for the support of each of the children. Petitioners claimed on their returns an exemption of $600 for each of the minor children as dependents. Held, that petitioner Robert E. Rivers furnished over one-half of the support of each of the minor children in the taxable years 1955 and 1956 and is entitled to the two exemptions claimed. Held, further, petitioner did not furnish over one-half of the support of the minor children in 1957 and is not entitled to the two exemptions claimed for that year for the two minor children. Ralf H. Erlandson, Esq., 1108 Main St., Milwaukie, Ore., for the petitioners. Walter I. Auran, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in petitioners' income tax for the years 1955, 1956, and 1957 in the respective amounts of $240, $241.08, and $264.96. The deficiency for 1955 is due to the disallowance by respondent of two exemptions claimed by petitioners in their return aggregating $1,200. This adjustment made by respondent is explained in the deficiency notice for 1955 as follows: "The dependentcy credit claimed on your return for Robert and Frances Rivers, minor children of Robert E. Rivers by a prior marriage, is disallowed since information *145 furnished by you does not establish that you contributed more than 50% of the amount required for their support in the year 1955, during which time they lived in the custody of their mother who also contributed to their support. Sections 151 and 152 of the Internal Revenue Code of 1954." The deficiencies for 1956 and 1957 are due to the same type of adjustments and are explained in the deficiency notices in the same manner. Petitioners assign error as to the adjustment made by respondent in each of the taxable years in his determination of the deficiencies. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. Petitioners Robert E. Rivers and Ruby D. Rivers are husband and wife residing in Milwaukee, Oregon. Petitioner Robert E. Rivers, hereinafter referred to as petitioner, and Ruby D. Rivers filed joint Federal income tax returns for each of the calendar years 1955, 1956, and 1957 with the district director of internal revenue at Portland, Oregon. In June 1951 petitioner and his then wife, Georgia Rivers, were divorced. The divorce decree awarded custody of their two minor children, Robert E. Rivers, *146 Jr., and Frances Rivers, to the mother and required the father to pay $450 per year for the support and maintenance of each of the children. Robert, Jr., was born September 10, 1947, and Frances was born March 5, 1949. Petitioner paid $450 in cash in each of the taxable years toward the support of each of the children. During the taxable years the two children resided in the home of their mother, Georgia Coons, and her present husband Melvin L. Coons in West Linn, Oregon. The members of the household consisted of Melvin and Georgia and the two children. The West Linn home was constructed in 1924. It had been purchased in 1947 by petitioner for $4,000. In 1955 it was improved materially when a foundation was placed under the house. In 1951 the divorce court awarded this property to Georgia on condition that it be maintained as a home for the children. On April 21, 1955, petitioner quitclaimed his interest in the property to Melvin L. and Georgia Coons for $1,500. The fair market value of the West Linn home was $4,200 in the taxable years. Its fair rental value was $40 per month in the taxable years. The total cost of supporting Robert, Jr., and Frances in 1955 was approximately *147 $790 each. The total cost of supporting the children increased approximately $100 in 1956 and an additional $100 in 1957. This was due to two facts - the increase in the children's age and the increase in the cost of living. Petitioners claimed Robert, Jr., and Frances as dependents on their income tax returns for 1955, 1956, and 1957. The same dependency credits were claimed in the joint returns filed by Melvin L. and Georgia Coons for the same years. Following an audit of the returns filed by Melvin and Georgia for the taxable years the respondent allowed the dependency credits in controversy to Melvin and Georgia. Respondent determined in his notices of deficiency that petitioners had not furnished more than one-half of the support of Robert, Jr., and Frances and that they were not entitled to claim the children as dependents in the taxable years. Opinion BLACK, Judge: There is only one issue to decide in this proceeding and that is whether petitioners are entitled to claim as dependents the two minor children of petitioner by a former marriage. If that issue is decided in petitioners' favor, then they are entitled to a dependency credit for each of the children of $600 for *148 each taxable year. The applicable statutes are sections 151 and 152, Internal Revenue Code of 1954, printed in the margin. [1]
Petitioners have claimed the two minor children as their dependents *149 in each of the taxable years. Petitioner's former wife Georgia Coons and her present husband Melvin L. Coons have also claimed the children as their dependents in each of the taxable years and the Commissioner upon audit of their returns has allowed them the two exemptions for each of the taxable years. As has already been stated, the Commissioner has disallowed the two exemptions to petitioners and it is that disallowance which results in the deficiency for each of the taxable years. Of course, it goes without saying that the mere fact that the Commissioner has allowed the two exemptions to Melvin and Georgia does not preclude petitioners from claiming the two exemptions as they have done. If they have established that in the taxable years they contributed more than 50 per cent of the total support to the minors, they are entitled to the deductions which they claim. The burden of proof, however, rests upon them. It, of course, requires no citation of authority that the Commissioner's determination is presumed to be correct and the burden is on petitioners to establish that the Commissioner erred in his determination. Cf. Bernard C. Rivers, 33 T.C. -, filed February 19, 1960. It *150 has been a rather difficult task to arrive at a satisfactory conclusion as to just what the total support of each of the children was in the taxable years. Both petitioner and his former wife Georgia testified at the hearing. Petitioner knew, of course, as to the amount he paid, viz, $450 to the support of each child for each year. He did not know how much it had cost Georgia and Melvin to support the children, including the $450 received in each year from petitioner for each of the children. He could only give estimates as to the total cost of support for each of the children. He did give estimates as to each of the taxable years and these estimates were: For Robert, Jr., $596.60 for 1955, $711.40 for 1956, and $753.02 for 1957; for Frances, $586.60 for 1955, $701.49 for 1956, and $743.02 for 1957. We think, in the light of the testimony of Georgia which followed petitioner's testimony, that these estimates are too low. Georgia testified and the upshot of her testimony was that in the first of the taxable years, 1955, the cost of the support of the two minor children was around $1,000 each and that it increased about $100 in 1956 and $100 in 1957 on account of the children's increasing *151 age and the general increase in the cost of living. She was vague and uncertain about some of the items of expenditure incurred in the support of the children. We are convinced from all the testimony that her figures were somewhat too high. We have carefully considered the testimony of both petitioner and Georgia and we have made a finding that the cost of support of each of the children in 1955 was approximately $790. We have also made a finding that for 1956 this cost of support increased approximately $100 for each of the children and that in 1957 it increased approximately another $100 over what it was in 1956. The effect of these findings is that petitioner did furnish more than 50 per cent of the support of the two children in 1955 and 1956. Therefore, we hold that the Commissioner erred in disallowing the credit for $600 each as dependents for 1955 and 1956. The effect of our findings is that petitioner did not furnish 50 per cent of the support of the minor children in 1957; hence, the Commissioner is sustained in his determination for 1957. Decision will be entered under Rule 50. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * *
(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * *
(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * *
(3) Child Defined. - For the purpose of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer, or a descendant of either, * * *↩